FREDERICK COATS v. BENJAMIN F. FARRINGTON.

*Decree in bankruptcy superseding common-law assignment.*

A trustee in bankruptcy can maintain replevin for property of the bankrupt sold on an execution against him after the decree of bankruptcy.

Error to St. Clair. Submitted June 22. Decided June 29.

REPLEVIN by Farrington, who was trustee in bankruptcy for Roe Stephens, against Coats, who had purchased a Standard organ at a sale on execution against the said Stephens. The organ had been sold by Stephens in 1876 to Anna M. Keery, but by the terms of the sale she was not to acquire title until it had been fully paid for. On default in payment it was taken from her in 1878 by Farrington's attorney and was left at D. M. Church's, where it was afterwards seized on execution for costs against Stephens in a suit began by him in his own name, and was sold to the defendant Coats. Stephens had made a common-law assignment to one Swartz, which was dated April 10, 1877, but he was adjudicated bankrupt October 6, 1877, by a decree of the district court, and Farrington was appointed his trustee on the following fourteenth of November. The court set aside the assignment and directed that all of the property of Stephens, including that covered by the assignment, should be transferred to Farrington and that the trustee should be invested with title thereto. The court directed a verdict for Farrington. Defendant brings error. Affirmed.

*Elliott G. Stevenson* and *O'Brien J. Atkinson* for plaintiff in error.

*Charles K. Dodge* for defendant in error. An order of the bankruptcy court setting aside a common-law assignment and putting a trustee in charge of the bankrupt's property establishes the trustee's title thereto: U. S. Rev. Stat. §§ 5103–4; if the bankrupt court obtained jurisdiction subsequent proceedings are presumed regular: Bump's Bankruptcy (9th ed.) 682; *Smith v. Engle* 9 Chic. Leg. News 46; a purchaser on execution gets no title unless the property bought belonged to the judgment debtor: Benj. Sales § 17; *Champney v. Smith* 15 Gray 512; *Johnson v. Babcock* 8 Allen 583; *Symonds v. Hall* 37 Me. 354; *Coombs v. Gorden* 59 Me. 111; *Boggs v. Fowler* 16 Cal. 560; replevin lies against the vendee: *Huber v. Sharck* 2 Browné (Pa.) 160: 6 id. 2; *Ward v. Taylor* 1 Penn. St. 238.

MARSTON, C. J. It clearly appears in this case that under and by virtue of the bankruptcy proceedings all the property, of which the organ in controversy was a part, of Roe Stephens passed to and became vested in Farrington, who was then entitled to the possession of the same. There was no evidence given on the trial below tending to show that Farrington had parted with the title he thus acquired in this organ, or that he had done or permitted anything to be done which would revest title thereto in Stephens, or that would tend to show that Stephens had any title thereto or interest therein subject to levy and sale under an execution at the time of the levy and sale by the sheriff.

The court committed no error and the judgment must be affirmed with costs.

The other Justices concurred.